IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IRSAT SEYDA and ARIFE SEYDA individually, and as parents and next friends of SARE SEYDA, deceased | § § § § | |
| Plaintiffs | § § | |
| VS. | § § | CIVIL ACTION NO. |
| IRONMANN EXPRESS, LLC ERIC RIEGER, and MATTHEW GARRETT | § § § § | |
| Defendants | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

COME NOW, Irsat Seyda and Arife Seyda, Plaintiffs, complaining of Ironman Express, LLC, Eric Rieger, and Matthew Garrett, Defendants, and would respectfully show the Honorable Court as follows:

**I. PARTIES - PLAINTIFFS**

1. Plaintiff Irsat Seyda is a citizen of Turkey.

2. Plaintiff Arife Seyda is a citizen of Turkey.

3. Plaintiffs, bring their wrongful-death action as the Parent of Sare Seyda, decedent. Decedent, at the time of her death, was a Citizen of Turkey.

4. Plaintiffs are the surviving parents of Sare Seyda, decedent. Decedent died as a result of defendants' wrongful conduct. Decedent would have been entitled to bring this action

against defendants if decedent had lived. Defendants' conduct that caused decedent's death was a producing cause of injury to plaintiffs, which resulted in the Plaintiffs' damages. Plaintiffs also bring their action as the parents and surviving parents of decedent.

5. Plaintiffs, bring their survival action as the heirs of decedent, Sare Seyda, because no estate administration is pending and none is necessary. Decedent, at the time of her death, was a citizen of Turkey. Plaintiffs are heirs to the estate of Sare Seyda, decedent. The estate has no debts, and distribution of estate property has been resolved, making an administration of the estate unnecessary. Before dying, decedent had a cause of action for her injuries and the resulting damages, which could have been brought against defendants by decedent.

## II. PARTIES - DEFENDANTS

6. Defendant Ironman Express, LLC (hereinafter referred to as "Ironman Express") is a Texas limited liability company with its principal place of business is in Texas, and engages in business in the State of Texas. Defendant Ironman Express maintains its principal place of business at 501 W Mulberry, Angleton, Texas 77515. Defendant Ironman Express may be served by serving its registered agent, Matthew Garrett, at 501 W Mulberry, Angleton, Texas 77515.

7. Defendant Matthew Garrett (hereinafter referred to as "Garrett") is a resident of the State of Texas and may be served at 239 County Road 839, Angleton, Texas 77515. Defendant Eric Rieger (hereinafter referred to as "Rieger") is a resident of the State of Texas and may be served at 228 Dogwood, Lake Jackson, Texas 77566.

## III. JURISDICTION AND VENUE

8. This court has jurisdiction over the lawsuit under the provisions of 28 U.S.C.

Section 1332. The parties to this lawsuit are citizens of different States and the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

9. A substantial part of the events or omissions giving rise to the claims made the basis of this lawsuit occurred within the geographical confines of the Southern District of Texas, specifically, Brazoria County, Texas, and Defendants resided in this judicial district at the time of those

## IV. FACTUAL STATEMENT

10. On April 10, 2014, Irsat Seyda was traveling southbound on State Highway 288 near the intersection of County Road 48 South.

11. It was a relatively clear day, the roads were dry, there were no adverse road conditions, and there was nothing obstructing a driver's view of the road.

12. Rieger, a professional truck driver, was driving a Ford F450 Truck with an attached trailer owned by Ironman Express and Matthew Garrett.

13. Rieger was in the course and scope of employment with Ironman Express and Matthew Garrett.

14. Rieger was operating his vehicle at an excessive rate of speed for the conditions that existed at the time.

15. Despite having more than enough time to see and react to the vehicle in front of him, Rieger violently rear-ended the vehicle driven by Irsat Seyda and occupied by Sare Seyda.

16. Sare Seyda, the daughter of Irsat Seyda was a passenger in the rear seat of the vehicle driven by Irsat Seyda at the time of the collision.

17. Both vehicles and the trailer attached to Rieger's vehicle, after the collision, exited

the roadway and came to a rest in a grass field a notable distance from the roadway.

18. As a direct result of this collision Sare Seyda suffered fatal injuries which led to her death at the scene of the collision.

19. As a direct result of this collision, Irsat Seyda suffered serious injuries and was taken by Memorial Hermann Life Flight to Memorial Hermann Hospital in the Texas Medical Center.

## V. CAUSES OF ACTION AGAINST ERIC RIEGER

20. At the time of the collision, defendant was operating his vehicle negligently. Defendant had a duty to exercise ordinary care and operate defendant's vehicle reasonably and prudently. Defendant breached the duty of care in one or more of the following ways.

21. Rieger failed to control his speed, failed to maintain a safe distance with the vehicle in front of him, failed to keep a proper lookout, failed to brake in time to avoid a collision, drove his vehicle at a rate of speed greater than that at which an ordinary and prudent person would have driven under the same or similar circumstances especially considering the traffic conditions, the approaching intersection, the warning lights for the intersection, and the attached trailer and trailer load setup of his vehicle, and failed to drive as a prudent prudent driver would under the circumstances, followed the vehicle in front of him more closely than an ordinary and prudent person would have done under the same or similar circumstances, failed to maintain proper control of defendant's vehicle, failed to operate his vehicle in a safe and prudent manner in view of the conditions which existed at the time of the collision, and drove in a reckless manner.

22. Defendant's breach of duty of care and negligence proximately caused injuries to

Plaintiffs, which directly resulted in Plaintiffs' damages.

23. Defendant's negligence was the proximate cause of Sare Seyda's death.

24. Defendant's negligence was the proximate cause of Irsat Seyda's injuries.

## VI. CAUSES OF ACTION AGAINST IRONMAN EXPRESS

25. Ironman Express, acting through its driver, Rieger, in the course and scope of his employment, failed to control his speed, failed to maintain a safe distance with the vehicle in front of him, failed to keep a proper lookout, failed to brake in time to avoid a collision, drove his vehicle at a rate of speed greater than that at which an ordinary and prudent person would have driven under the same or similar circumstances especially considering the traffic conditions, the approaching intersection, the warning lights for the intersection, and the attached trailer and trailer load setup of his vehicle, and failed to drive as a prudent driver would under the circumstances, followed the vehicle in front of him more closely than an ordinary and prudent person would have done under the same or similar circumstances, failed to maintain proper control of defendant's vehicle, failed to operate his vehicle in a safe and prudent manner in view of the conditions which existed at the time of the collision, and drove in a reckless manner.

26. Defendant's breach of duty of care and negligence proximately caused injuries to Plaintiffs, which directly resulted in Plaintiffs' damages.

27. Defendant's negligence was the proximate cause of Sare Seyda's death.

28. Defendant's negligence was the proximate cause of Irsat Seyda's injuries.

## VII. VICARIOUS LIABILITY AND RESPONDEAT SUPERIOR

29. Ironman Express is vicariously liable for the negligence of Rieger in the course and scope of their employment under *respondeat superior.*

30. The acts of Rieger, the employee, were performed while in the employment of defendant Ironman Express, to further defendant's business, to accomplish the objective for which the employee was hired, and within the course and scope of that employment or within the authority delegated to the employee.

31. Ironman Express was the motor carrier for whom its driver, Rieger, was driving in interstate commerce at the time of the Collision. As such, pursuant to Federal Motor Carrier Safety Regulations, Rieger was the statutory employee of Ironman Express. Therefore, Ironman Express is liable for the negligent acts of its driver as set forth above.

## VIII. NEGLIGENT HIRING

32. Each of the foregoing paragraphs are incorporated herein by reference. Defendant knew, or in the exercise of ordinary care, should have known that Rieger was a careless driver. Defendant knew, or in the exercise of ordinary care, should have known that Rieger's history of safety violations were so egregious and far reaching, that it should not have entrusted him with the truck and the trailer.

33. Furthermore, Defendant, knew, or in the exercise of ordinary care, should have known that Rieger was going to operate its trailer without adequate training and supervision and without properly maintaining the vehicles and equipment.

34. As a motor vehicle carrier, Defendant had a legal duty to hire and retain competent employees. Defendant breached the duty when defendant negligently hired or retained Rieger. Defendant's breach of duty to hire and retain competent employees proximately caused injuries to plaintiffs, which resulted in Plaintiffs' damages.

35. Defendant negligently hired or retained defendant's employee Rieger. Rieger had a

long history of operating a motor vehicle in a careless, negligent or reckless manner which Defendant knew or should have known if Defendant had acted as a reasonable and prudent employer or motor vehicle carrier. Upon information and belief, an easy look at Rieger's driving record would have revealed his reckless driving history with continuous charges of Driving While Intoxicated and Reckless Driving.

## IX.  NEGLIGENT SUPERVISION

36. Each of the foregoing paragraphs are incorporated herein by reference. Defendant had a duty to supervise competent employees so those employees would not injure the general public on roadways such as highways.

37. Defendant breached that duty when it negligently supervised Rieger.

38. Defendant's breach of its duty to supervise competent employees proximately caused Plaintiffs' injuries and damages.

## X.  NEGLIGENT TRAINING

39. Each of the foregoing paragraphs are incorporated herein by reference. Defendant had a duty to properly train its employees so those employees would not cause injury to the general public while on public highways and roads.

40. Defendant breached that duty when it negligently trained Rieger.

41. Defendant's breach proximately caused Plaintiffs' injuries and other damages.

## XI.    NEGLIGENT ENTRUSTMENT

42. Each of the foregoing paragraphs are incorporated herein by reference. Defendant negligently entrusted defendant's vehicle to Rieger who had a long history of operating a motor vehicle in a careless, negligent, intoxicated, and reckless manner which Defendant knew or should have known with the exercise of reasonable care. Defendant had a duty not

to entrust his vehicle to such drivers on public roads.

43. Defendant breached that duty when it negligently entrusted its vehicle to Rieger.

44. Defendant's breach of this duty proximately caused Plaintiffs' injuries and damages

## XII. NEGLIGENCE PER SE
## VIOLATIONS OF THE FEDERAL MOTOR CARRIER SAFETY REGULATIONS
## AND
## THE TEXAS TRANSPORTATION CODE

45. Each of the foregoing paragraphs are incorporated herein by reference.

46. Defendants violated the Federal Motor Carrier Safety Regulations. Upon information and belief, Defendants failed to follow the requirements of 49 CFR, §390.11, §391.13, 391.15, §391.21, §391.23, §391.25, §391.27, §391.41, §391.51§391.53, §392.3, §392.5, §3§392.6, 90.7, §392.9, §392.80, §392.82, §393.40, §393.42, §393.42, §393.48, §393.53, §393.55, §393.130, §395.3, §395.8, §395.15, §396.3, §396.7, §396.9, §396.11, §396.13, §396.15, §396.17, §396.21, §396.25, §382.301, §382.305, §382.303, §382.309, §382.401, §382.601, §382.413, §383.113, §383.31, §382.33, §383.119.

47. Defendants violated the Texas Transportation Code §545.062 by failing to maintain the required following distance.

48. Defendants were subject to the safety regulations pertaining to vehicle safety, maintenance, inspection, record keeping, operation, driver conduct, and motor vehicle carrier duties as set forth in the regulations above.

49. The regulations were enacted to protect persons or property, conserve public health, or promote public safety. The sections of the Federal Motor Carrier Safety Regulations Defendants violated were intended to preserve life and prevent bodily injury to persons

8

traveling on the public roadways such as Highway 288 by ensuring the proper and timely upkeep and maintenance of vehicles travelling on those public roadways.

50. Sare Seyda and Irsat Seyda are members of a class, persons traveling on public roadways, for whose benefit those safety regulations were passed and they suffered the type of bodily injury and loss of life the regulations were designed to protect against.

51. Defendants' violations of the safety regulations proximately caused the injuries. The regulations are of the type that imposes tort liability and Defendant's violation of the regulations were without legal excuse. Defendants' breach of duties imposed by the regulations proximately caused injury to plaintiffs, which resulted in the Plaintiffs' damages.

### XIII. PARTICIPATORY LIABILITY – ASSISTING OR ENCOURAGING

52. Each of the foregoing paragraphs are incorporated herein by reference. Defendant knew of Rieger's reckless driving and also knew of Rieger's violation of the federal laws and state laws as described above.

53. Defendant substantially assisted or encouraged Rieger's wrongful act by putting Rieger in that position and providing him the means.

54. Defendant's assistance or encouragement was a substantial factor in causing the collision.

### XIV. CAUSES OF ACTION AGAINST MATTHEW GARRETT

55. Each of the foregoing paragraphs are incorporated herein by reference. Matthew Garrett, acting through his driver, Rieger, in the course and scope of his employment, failed to control his speed, failed to maintain a safe distance with the vehicle in front of

him, failed to keep a proper lookout, failed to brake in time to avoid a collision, drove his vehicle at a rate of speed greater than that at which an ordinary and prudent person would have driven under the same or similar circumstances especially considering the traffic conditions, the approaching intersection, the warning lights for the intersection, and the attached trailer and trailer load setup of his vehicle, and failed to drive as a prudent driver would under the circumstances, followed the vehicle in front of him more closely than an ordinary and prudent person would have done under the same or similar circumstances, failed to maintain proper control of defendant's vehicle, failed to operate his vehicle in a safe and prudent manner in view of the conditions which existed at the time of the collision, and drove in a reckless manner.

56. Defendant's breach of duty of care and negligence proximately caused injuries to Plaintiffs, which directly resulted in Plaintiffs' damages.

57. Defendant's negligence was the proximate cause of Sare Seyda's death.

58. Defendant's negligence was the proximate cause of Irsat Seyda's injuries.

59. Matthew Garrett is vicariously liable for the negligence of Rieger in the course and scope of their employment under *respondeat superior.*

### XV. VICARIOUS LIABILITY – PIERCING OF THE CORPORATE VEIL

60. Each of the foregoing paragraphs are incorporated herein by reference. Upon information and belief, Plaintiffs would aver the following for piercing of the corporate veil:

61. Upon information and belief, Ironman Express was inadequately capitalized so as to work an injustice. Defendant Garrett operated Ironman Express without adequate capital for the type of business it was conducting. The company was unable to pay its debts. In addition, the nature of his trucking business and the reckless manner Garrett managed the

trucking business posed an unreasonable danger for the general public on public roads. It also left Ironman Express unable to pay its liabilities and debts.

62. Upon information and belief, Ironman Express, LLC was organized and operated as a mere tool or business conduit of defendant Garrett. Defendant Garrett is the sole owner and sole shareholder of Ironman Express, receives all or almost all of its revenues, and has exclusive or almost exclusive control over the direction and management of Ironman Express. He is the only officer or one of only two officers of Ironman Express. He is also the principal, president, and the CEO. Garrett did not keep his personal assets separate from Ironman Express assets. Garrett used Ironman Express for personal purposes. Garrett continuously used Ironman Express funds and assets for his personal purposes and vice versa, including his personal bank account.

## XVI. DAMAGES – WRONGFUL DEATH AND SURVIVAL

64. Each of the foregoing paragraphs are incorporated herein by reference. Defendants owed decedent a duty of care. Defendants breached that duty. This breach proximately caused decedent's injuries. The injuries inflicted by the defendants proximately caused the decedent's death.

65. The Decedent's death was caused by the defendants' wrongful act, neglect, carelessness, or unskillfulness.

66. As a direct and proximate result, Plaintiffs suffered damages which include but are not limited to the following:

Past pain and suffering of plaintiffs, future pain and suffering of plaintiffs, past mental anguish of plaintiffs, future mental anguish of plaintiffs, pecuniary loss, loss of advice and counsel, loss of companionship and society, loss of services, loss of love and comfort, loss

of inheritance, loss of care and maintenance, loss of support, loss of contributions, funeral expenses, pain and suffering of decedent, mental anguish of decedent, medical expenses.

67. In addition to other damages, the plaintiffs also seek exemplary damages, prejudgment interest and post-judgment interest as well as all compensable court costs.

68. The damages sought exceed the minimum jurisdictional limits of this Court.

## XVII. EXEMPLARY DAMAGES

69. Each of the foregoing paragraphs are incorporated herein by reference. Decedent's death resulted from defendants' willful act or omission or from defendants' gross negligence, which entitles Plaintiffs to exemplary damages under Texas Constitution article 16, section 26. and also under Texas Civil Practice & Remedies Code section 41.003(a).

70. In addition to all other counts which allow Plaintiffs to seek or recover exemplary damages from Ironman Express or Garrett, Plaintiff seeks exemplary damages from Ironman Express and Garrett also because Rieger's acts were willful or malicious, performed while Rieger was their employee, and Rieger was unfit and Ironman Express or Garrett acted recklessly in employing or retaining Rieger.

## XIX. DAMAGES – INJURIES OF IRSAT SEYDA

71. Each of the foregoing paragraphs are incorporated herein by reference. Defendants owed Plaintiff Irsat Seyda a duty of care. Defendants breached that duty. This breach proximately caused Irsat Seyda's injuries.

72. As a direct and proximate result, plaintiffs suffered damages which include but are not limited to the following:

Past pain and suffering, future pain and suffering, past mental anguish, future mental anguish, physical impairment, past medical expenses, future medical expenses, loss of past earning capacity, loss of future earning capacity, loss of consortium, loss of services.

73. In addition to other damages, the plaintiffs also seek exemplary damages, prejudgment interest and post-judgment interest as well as all compensable court costs.

74. The damages sought exceed the minimum jurisdictional limits of this Court.

## XX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be summoned to appear and answer herein, that this cause be set for trial, that Plaintiffs recover judgment of and from the Defendants, for all damages referenced above, including such actual, compensatory, special, additional, and punitive damages, the costs of suit, prejudgment interest, post-judgment interest, and such other and further relief to which Plaintiffs may show themselves justly entitled to at law or in equity.

Respectfully submitted,

By: /s/ Yalcin Karadag
Yalcin Karadag
Texas Bar No. 24015046
Federal I.D. No. 441895
7706 Richmond Avenue
Houston, Texas 77063
Telephone: (713) 818-7401
Facsimile: (713) 266-2076

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**